1
2
3                    UNITED STATES DISTRICT COURT
4                        DISTRICT OF NEVADA
5

6    JORDAN ZITO,
                                          Case No. 3:24-cv-00493-ART-CSD
7                    Plaintiff,
            vs.                           ORDER ON REPORT AND
8                                         RECOMMENDATION OF UNITED
     THE STATE OF NEVADA ex rel           STATES MAGISTRATE JUDGE
9    NEVADA COMMISSION ON JUDICIAL        (ECF NO. 4)
     DISCIPLINE,
10
                     Defendant.
11

12          Plaintiff brings this lawsuit alleging various violations of Nevada law by the

13   Nevada Department of Judicial Discipline. Magistrate Judge Denney issued a

14   Report and Recommendation ("R&R") screening Plaintiff's complaint and

15   recommending that his application to proceed in forma pauperis ("IFP

16   application") be granted and his claim be dismissed with prejudice for lack of

17   jurisdiction and failure to state a claim. (ECF No. 4.) Plaintiff filed objections to

18   Judge Denney's R&R. (ECF No. 5.)

19          For the reasons set forth below, the Court adopts Judge Denney's R&R as

20   to dismissal for lack of jurisdiction. The Court dismisses this complaint and

21   instructs the Clerk to close this case.

22      I.      Review of Reports and Recommendations

23          Under the Federal Magistrates Act, a court "may accept, reject, or modify,

24   in whole or in part, the findings or recommendations made by [a] magistrate

25   judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's

26   report and recommendation, then the court is required to "make a de novo

27   determination of those portions of the [report and recommendation] to which

28   objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

                                          1

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because [Plaintiff] objects to Judge [MJ]'s R&R, the Court reviews the issues *de novo*.

## II.    Screening Standard

Under 28 U.S.C. § 1915, which applies to all actions filed in forma pauperis, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

## III.    Analysis

Judge Denney's R&R recommends dismissal first on the ground that the Court lacks jurisdiction over Plaintiff's claims. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This has been interpreted to mean that state agencies are immune from private suits seeking damages or injunctive relief in federal court. *Savage v. Glendale Union High School.*, 343 F.3d 1036, 1040 (9th Cir. 2003). The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024).

Here, Plaintiff brings this action against the Nevada Commission on Judicial Discipline. "The Commission has been recognized as an agency and/or department of the State of Nevada on numerous occasions." *Halverson v. Nevada Comm'n on Jud. Disc.*, No. 2:08-CV-01006-RCJ-LRL, 2009 WL 10708909, at *3 (D. Nev. Mar. 26, 2009) (citing *Salman v. State of Nev. Comm'n on Judicial Discipline*, 104 F. Supp. 2d 1262, 1267 (D. Nev. 2000)). Therefore, the

Commission has immunity under the Eleventh Amendment, and a federal court cannot hear claims for damages or injunctive relief against it. *See id.*

Additionally, to the extent that Plaintiff's complaint seems to seek relief via an injunction or writ commanding the Nevada Commission on Judicial Discipline to take certain actions pursuant to Nevada state law, this Court cannot do so. The Eleventh Amendment bars suits in federal court against states on the basis of violations of state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124–25 (1984); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973–74 (9th Cir. 2004).

## IV.    Leave to Amend

Judge Denney's R&R recommended that Plaintiff's complaint be dismissed with prejudice for lack of jurisdiction and failure to state a claim.

A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (*citing Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir.2010)). Because the Court lacks jurisdiction over Plaintiff's claims, amendment would be futile. *See Steinmeyer v. Laboratory Corp. of Am. Holdings*, 676 F. Supp. 3d 851, 865 (S.D. Cal. 2023).

Because the Court does not reach the issue of whether Plaintiff has stated a claim, the Court will dismiss Plaintiff's complaint without prejudice but without leave to amend.

## V.    Conclusion

It is therefore ordered that Judge Denney's R&R (ECF No. 4) is ADOPTED in part in accordance with this order.

It is further ordered that Plaintiff's complaint (ECF No. 1-1) be FILED.

It is further ordered that this action is DISMISSED without prejudice but without leave to amend.

1       It is further ordered that Plaintiff's IFP applications (ECF Nos. 1, 3) are

2  DENIED as moot.

3       It is further ordered that the Clerk of the Court is instructed to CLOSE this

4  case.

5

6       Dated this 20th day of February, 2025.

7  _____

8       ANNE R. TRAUM

9       UNITED STATES DISTRICT JUDGE